**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AIDA ELIZABETH MARTINEZ-ALVARADO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70488<br><br>Agency No. A099-528-920<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2013[**]
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and ZOUHARY, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Aida Elizabeth Martinez-Alvarado, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's (IJ) denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence and we will uphold the Board's decision unless the evidence compels a contrary conclusion. *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the Board's adverse credibility determination based on the inconsistencies between Martinez-Alvarado's asylum application and her testimony regarding the circumstances of significant incidents of harm she states she suffered. 8 U.S.C. § 1158(b)(1)(B)(iii); *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination."). Specifically, Martinez-Alvarado failed to mention in her asylum application the principal source of her fear, namely an individual who allegedly threatened her and

was involved in the deaths of her father and brother.[1] Instead, she listed four other reasons for departing El Salvador in an addendum to her asylum application, but testified extensively about this individual during the removal proceedings. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim when an inconsistency is at the heart of the claim it doubtless is of great weight."). Moreover, because Martinez-Alvarado's testimony lacked credibility, her failure to present corroborating evidence was fatal to her application. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application.").

---

[1] The dissent maintains that each of the reasons supporting the Board's decision fails. However, when read in its totality there is sufficient evidence to support an adverse credibility decision. A petitioner will fail to meet his or her burden of proof to establish eligibility for asylum by not providing credible testimony, *see Singh-Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir. 1999) (upholding IJ's finding that petitioner's testimony was not credible because it lacked specificity), and not properly explaining why material evidence is omitted, *see Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000). Here, there were material omissions in Martinez-Alvarado's initial asylum application, inconsistencies between the application and her testimony and discrepancies regarding her failure to provide further documentation to support her claim. Accordingly, substantial evidence supports the Board's decision.

Martinez-Alvarado's explanations for the inconsistencies do not compel a contrary conclusion. *INS v. Elias-Zacharias*, 502 U.S. 478, 481 n.1 (1992). In the absence of credible testimony, Martinez-Alvarado's asylum and withholding of removal claims necessarily fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

*Martinez-Alvarado v. Holder*, No. 09-70488
BERZON, Circuit Judge, dissenting:

The majority affirms the Board's adverse credibility determination, reasoning that Martinez-Alvarado failed "to mention in her application the principal source of her fear, namely an individual who allegedly threatened her and was involved in the deaths of her father and brother." Such inconsistency might be sufficient to support an adverse credibility determination, *if it existed*. Here, however, the Board's credibility determination relied on a selective reading of the record, "in contravention of the REAL ID Act's text." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (requiring consideration of "the totality of the circumstances").

When read in its totality, Martinez-Alvarado's initial application differs from her testimony only in its degree of specificity, not its substance. Martinez-Alvarado's application states that "the leader from the MOP [union]" threatened her father—the same individual about whom she testified in more detail during the removal proceedings. Martinez-Alvarado's application also revealed that fear of this person led her to flee El Salvador: "Due to death threats from the Union members," the application stated, "I fled El Salvador to save my life." Differences in specificity between the application and testimony do not support an adverse

1

credibility determination. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005) (reversing adverse credibility determination based on petitioner's failure "to describe all prior incidents of . . . persecution. . . in the early stages of her application process"); *Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996) (holding that petitioner's credibility was not undermined by a later, more detailed oral testimony of what was described simply as "[guerrillas] death threatened me" in the application)[1]; *cf. Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (upholding an adverse credibility determination because the petitioner "did not merely elaborate on events that had previously been referenced").

The Board also based its adverse credibility determination on Martinez-Alvarado's inability to identify "the name of the union in which her father was involved." That a then 15-year-old teenager only knew the organization as "MOP Union"—and not its official name—is a "mere omission of details . . . insufficient to uphold an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000).

---

[1]Because the REAL ID Act "did not strip us of our ability to rely on the institutional tools that we have developed for reviewing an IJ's credibility determinations . . . we have continued to rely on . . . aspects of our pre-REAL ID Act caselaw concerning credibility when reviewing post-REAL ID Act asylum applications." *Ren v. Holder*, 648 F.3d 1079, 1085 n. 2 (9th Cir. 2011) (internal quotation marks and citations omitted).

Last, the Board found Martinez-Alvarado incredible due to her failure to produce corroborating evidence. An IJ who decides "that the applicant should provide [corroborating] evidence," 8 U.S.C. § 1158(b)(1)(B)(ii), must give "notice of that decision and provide . . . an opportunity to obtain the required evidence," *Ren*, 648 F.3d at 1090. Here, however, the IJ failed to provide the latter. Opportunity to obtain corroborating evidence "does not necessarily require two hearings." *Id.* at 1092 n. 12. But a continuance was warranted here. At Martinez-Alvarado's first and only merits hearing, the IJ demanded evidence corroborating her testimony presented that same morning. When she responded that such documents were in El Salvador and offered to "take responsibility for those documents and . . . bring them," the IJ summarily denied her offer. That denial does not qualify as the sort of opportunity "that the statutory text [of 8 U.S.C. § 1158(b)(1)(B)(ii)] . . . mandates." *Id.* at 1093.

"Because each of the reasons supporting the adverse credibility determination fails," *Mousa v. Mukasey*, 530 F.3d 1025, 1029 (9th Cir. 2008), I would find that the "evidence *compels* a contrary result" as to the credibility finding, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (emphasis in the original).

3

The Board's conclusion that Martinez-Alvarado also failed to satisfy 8 U.S.C. § 1101(a)(42)'s nexus requirement falls alongside its adverse credibility determination. The Board's opinion incorporates by reference the IJ's reasoning. And the IJ, in turn, conditioned his nexus finding on his adverse credibility determination. Thus, in reversing that credibility determination, I would necessarily reverse the nexus finding dependent on it.

As the government acknowledged in its brief, this court "cannot conduct a *de novo* review of issues not addressed by the agency." *INS v. Ventura*, 537 U.S. 12, 16–17 (2002). Thus, I would remand to the Board to reconsider the merits of Martinez-Alvarado's asylum claim.

For these reasons, I respectfully dissent.